FILED

2008 Jul-23  AM 10:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **KATHEY WHITE,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **CCB CREDIT SERVICES, INC,** | ) | |
| | ) | |
| **DEFENDANT.** | ) | |

## COMPLAINT

This is an action brought by the Plaintiff, Kathey White, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiffs also seek compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. § 1692k (d), and 28 U.S.C. § 1331, § 1332, and § 1367. Venue is proper in that the Defendants transacted business here, and the Plaintiffs reside here.

## PARTIES

1.     The Plaintiff, Kathey White, ("Plaintiff" or "Consumer") is a resident and citizen of the state of Alabama, Shelby County, and is over the age of twenty-one (21) years.

2.     The Defendant, CCB Credit Services, Inc. ("CCB") is incorporated in Illinois with its principal office in the state of Illinois. The Defendant was, in all respects and at all times relevant herein, doing business in the State of Alabama and in this District. The Defendant is engaged in the business of collecting consumer debts from consumers residing in Shelby County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

3.     Beginning in early 2008, Defendant began efforts to collect a debt from Plaintiff allegedly owed to Citifinancial Auto Corporation.

4.     The debt allegedly owed to Citifinancial was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. § 1692a(5).

5.     On or about June 15, 2008, an agent or employee of CCB called Plaintiff at her place of employment. The agent/employee was belligerent with Plaintiff claiming that Plaintiff knew this was her debt and that she "didn't care" because she was not trying to take care of it. Plaintiff disputed the amount that CCB was claiming and informed the agent/employee that she was represented by a lawyer and that they should call him to discuss the matter. Plaintiff gave the agent/employee the name and phone number of her lawyer, Michael Lindsey. The agent/employee then became more belligerent and commented "does [Mr. Lindsey] know more than you about your finances?" and claiming that Plaintiff had insulted the agent/employee. Plaintiff reiterated that the agent/employee should talk to her attorney, and had to hang up on the agent/employee because he continued to harass her.

6.     A few weeks later, another agent/employee of CCB called Plaintiff, and again Plaintiff reiterated that they should speak with her attorney. The agent/employee stated that they had called the office of her attorney and was told that she had failed to pay the retainer and that Mr. Lindsey was therefore not representing her.

7.     No agent or employee of CCB has spoken with anyone at the law office of Michael Lindsey concerning Plaintiff's matter, or his representation of her.

8.     On July 2, 2008 at 11:18 a.m. (CST) an agent/employee of CCB who identified himself as "Andrew Hathaway" called Plaintiff and again told her that she was not represented by an attorney. Plaintiff asked him if he had the name and number

of Mr. Lindsey, and he replied "yes." Plaintiff again told him to call her attorney and not her.

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

9.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

10.     The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiffs' alleged consumer debt.

11.     The Defendant violated § 1692f by using unfair and/or unconscionable means to attempt to collect a debt.

12.     The Defendant violated § 1692d by using harassment and/or abusive means to attempt to collect a debt.

13.     The Defendant violated § 1692c(a)(2)  by communicating with the consumer when the Defendant knew that the consumer was represented by an attorney and knew the attorney's name and phone number.

14.     As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, embarrassment, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

15.     The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

16.     The Defendant knew or should have known the status of the consumer's representation by an attorney and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

17.     The Defendant knew or should have known that said conduct was

improper.

18. Defendant CCB negligently failed to train and supervise collectors in order to prevent said improper conduct.

19. Defendant CCB negligently failed to train and supervise collectors on the FDCPA as it relates to communications with consumers.

20. As a result of the Defendant's negligence, the Plaintiff suffered embarrassment, worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

21. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

22. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiffs.

23. The Defendant knew or should have known that the said conduct was improper and illegal.

24. Defendant CCB recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

25. Defendant CCB recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumer.

26. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## INVASION OF THE RIGHT OF PRIVACY

27. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

28. The Defendant undertook and/or directed communications to the Plaintiff

constituting an invasion of privacy, as set out and described in the common law of the State of Alabama. Said communications were made in disregard for Plaintiff's right to privacy. Said communications were made to force, coerce, harass, embarrass and/or humiliate the Plaintiff into paying a debt.

29.     Said invasions were intentional, willful, and malicious, and violated the Plaintiff's privacy. The Plaintiff avers that the communications were made by individuals who were the employees of and/or acting on behalf of CCB.

30.     Said communications constitute the wrongful intrusion into her solitude and seclusion.

31.     As a proximate consequence of said invasion of the right of privacy, the Defendant has caused the Plaintiff to suffer embarrassment, worry, humiliation, anxiety, nervousness, and mental anguish.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A.     Declaratory judgment that the Defendant's conduct violated the FDCPA;

B.     Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C. § 1692k);

C.     Actual damages for the Defendant's violations of the FDCPA;

D.     Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C. § 1692k;

E.     Compensatory and punitive damages against Defendant on Plaintiff's state law claims for damages due to the Negligent Training and Supervision, Reckless and Wanton Training and Supervision; Invasion of Privacy, and,

F.     Such other and further relief that this Court deems necessary, just and proper.

W. Whitney Seals

Attorney for Plaintiff
**OF COUNSEL:**
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)


**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS
COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO
THE FOLLOWING ADDRESSES:**

CCB Credit Services, Inc.
5300 South 6th St
Springfield, IL 62703